**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GWINNETT COUNTY NAACP, *et al*.

*Plaintiffs*,

v.

GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, *et al*.,

*Defendants*.

CIVIL ACTION

CASE NO. 1:20-cv-00912-SDG

**DEFENDANTS' SUGGESTION OF MOOTNESS OF PLAINTIFFS' COMPLAINT**

On February 27, 2020, Plaintiffs filed a Complaint [Doc. 1] asserting a claim under 42 U.S.C. § 1983 and alleging, "Defendants' decision to operate only one polling location during the first week of early voting period violates the First and Fourteenth Amendments." [Doc. 27, p. 6]. That same day, Plaintiffs moved for a temporary restraining order and preliminary injunction ordering Defendants expand their early voting schedule to provide for the "first week of early voting at the seven satellite locations in Gwinnett County for the March 2020 primary election." [Doc. 1, p. 20]. This Court held an expedited hearing on the merits on March 2, 2020, and denied Plaintiffs'

motion for injunctive relief finding, among other things, "Plaintiffs cannot demonstrate a substantial likelihood of success on the merits." [Doc. 27, p. 25]. Plaintiffs have not yet dismissed their Complaint and Defendants now move this Court to declare it is moot.

Since this Court's Order on Plaintiffs motion for injunctive relief, the first week of early voting in Gwinnett County is over and all satellite locations opened this morning as planned. Accordingly, this Court can no longer effect the relief Plaintiffs sought in their Complaint their claims are now moot. "This Court cannot prevent what has already occurred." *De La Fuente v. Kemp*, 679 F. App'x 932, 933 (11th Cir. 2017); *Yates v. GMAC Mortg. LLC,* No. 1:10-CV-02546-RWS, 2010 WL 5316550, at *2 (N.D. Ga. Dec. 17, 2010) ("The Court is powerless to enjoin what has already occurred").

A request for emergency relief becomes moot when the event sought to be enjoined has already occurred. For example, when a foreclosure sale happens before an injunction is granted, a motion for emergency relief to stop the sale is moot. See, e.g., *Johnson v. Bank of New York Mellon, N.A.*, No. 1:11-CV-03365-SCJ, 2012 WL 13012803, at *2 (N.D. Ga. Jan. 9, 2012); *Harrod v. Bank of Am., N.A.*, No. 1:12-CV-04261-SCJ, 2012 WL 12876111, at *1 (N.D. Ga. Dec. 13, 2012); *Ross v. PNC Bank, N.A.*, No. 1:14-CV-0872-SCJ, 2014 WL 12577113, at *1 (N.D. Ga. Apr. 3, 2014). A motion for emergency

relief also becomes moot when a subsequent event occurs that prevents the challenged activity from recurring. *Smith v. Leach,* 294 F. Supp. 862, 866 (N.D. Ga. 1968) (request for injunction regarding Selective Service Act mooted by subsequent event that prevented plaintiff from reenlisting in the military); see also *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993) (appeal of denial of preliminary injunction mooted by intervening event).

In this case, Plaintiffs' Complaint is moot because the completion of the first week of early voting means the case and the opening of all satellite locations "no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cty., Fl*a., 382 F.3d 1276, 1282 (11th Cir. 2004). Mootness is jurisdictional—because a federal court may only adjudicate cases and controversies, a ruling that cannot provide meaningful relief is an impermissible advisory opinion. *Id.; Brooks v. Ga. State Bd. of Elections,* 59 F.3d 1114, 1118 (11th Cir. 1995).

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint because it is now moot. The Court has already found the Plaintiffs have not established a likelihood of success on the merits of their claims. Now, the relief they seek can no longer be awarded by this Court even if it

were to reverse course. The first week of early voting in Gwinnett County is over and so is this action.

Respectfully submitted this 9th day of March, 2020.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
770.434.6868 (telephone)

*Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANTS' SUGGESTION OF MOOTNESS OF PLAINTIFFS' COMPLAINT has been prepared in Century Schoolbook 13-point, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson